UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KELIE PALLADINO,** | : | |
| **Plaintiff,** | : | |
| | : | Civil No. 3:21-1835 |
| v. | : | |
| **CLIENT SERVICES, INC.,** | : | (JUDGE MANNION) |
| | : | |
| **Defendant** | | |

## MEMORANDUM

**I.   BACKGROUND**

On September 22, 2021, plaintiff Kelie Palladino, ("plaintiff"), commenced this action in state court pursuant to the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §1692a(2) and §1692c(b), alleging that defendant Client Services, Inc., is a debt collector, and violated the FDCPA by making an improper third-party disclosure by using a letter vendor and by conveying information about plaintiff as well as the debt she allegedly owed to the vendor, in order to send the plaintiff a collection letter on April 8, 2021. Specifically, plaintiff contends that she incurred a "consumer debt," and subsequently fell delinquent, and that in attempting to collect the debt, defendant transmitted plaintiff's personal information to a third-party, i.e., a

letter vendor, who prepared and mailed a collection letter to the plaintiff. Plaintiff claims that defendant's alleged transmission of her personal information to the third-party was a communication made in connection with the collection of a debt and that it is an explicit violation of §1692c(b) of the FDCPA which entitles her to statutory damages under the Act. In her complaint, (Doc. 1 at 5-6), plaintiff relied, in part, upon the Eleventh Circuit's now vacated decision in Hunstein v. Preferred Collection & Mgmt. Servs., Inc., 994 F.3d 1341 (11th Cir. 2021), rehearing *en banc* granted by and opinion vacated by Hunstein v. Preferred Collection and Management Services, Inc.,17 F.4th 1103 (11th Cir. Nov. 17, 2021), in which the Eleventh Circuit held that "a violation of §1692c(b) gives rise to a concrete injury in fact for Article III standing and that a debt collector's transmittal of the consumer's personal information to a third-party vendor for sending a dunning letter constituted a communication 'in connection with the collection of any debt' within the meaning of §1692c(b)." Santiago v. Medicredit, Inc., 2021 WL 3615705 (S.D. Fl. Aug. 12, 2021).[1]

---

[1]Since defendant details the full background of Hunstein in its motion, the court will not repeat it herein.
.

2

On October 28, 2021, defendant timely removed this case to federal court based on federal jurisdiction under 28 U.S.C. 1331. (Doc. 1). On November 4, 2021, defendant filed its answer to plaintiff's complaint. (Doc. 5).

On January 5, 2022, defendant filed a motion to stay this case while the Eleventh Circuit Court of Appeals considers *en banc* the prior panel opinion in <u>Hunstein v. Preferred Collection & Mgmt. Servs</u>, 994 F. 3d 1341 (11th Cir. 2021). Defendant claims that a stay in the instant action is appropriate while the Eleventh Circuit reconsiders its ruling on the stated issues since plaintiff's claims here mirror the issues in the appeal case.

On January 18, 2022, plaintiff filed her brief in opposition to defendant's motion for a stay, and attached a copy of the Eleventh Circuit's November 23, 2021 Memorandum regarding the schedule for *en banc* briefs of the parties. (Docs. 10 & 10-1).

**II.   STANDARD**

"The power to stay is incidental to the power inherent in every court to dispose of cases so as to promote their fair and efficient adjudication." <u>United States v. Breyer, 41 F.3d 884, 893 (3d Cir. 1994)</u>. The court has wide latitude in deciding whether to sever and stay proceedings by weighing the

3

competing interests of the parties and attempting to maintain a fair balance. Cooper v. Metlife Auto & Home, 2013 WL 4010998, *2 (W.D. Pa. Aug. 6, 2013) (citing Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936)); Barr Labs, Inc. v. Abbott Labs, 978 F.2d 98, 105 (3d Cir. 1992); Bechel Corp. v. Laborers' Int'l Union, 544 F.2d 1207, 1215 (3d Cir. 1976)). Further, "[a] stay is an extraordinary measure, [footnote omitted] and the decision to impose a stay rests within the sound discretion of the district court." Barker v. Kane, 149 F.Supp.3d 521, 525 (Mar. 3, 2016).

"It is well settled that before a stay may be issued, the petitioner must demonstrate 'a clear case of hardship or inequity,' if there is 'even a fair possibility' that the stay would work damage on another party." Gold v. John-Manville Sales Corp., 723 F.2d 1068, 1076 (3d Cir. 1983)(quoting Landis, 299 U.S. at 255). *See also* Kegerise v. Susquehanna Township School District, 2017 WL 5070244, *2 (M.D. Pa. Nov. 3, 2017) ("The party seeking a stay of the litigation must present a clear countervailing interest to the other party's right to litigate her case.") (citing CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc., 381 F.3d 131, 139 (3d Cir. 2004)).

"In determining whether to grant a motion to stay, courts should consider: (1) the length of the requested stay; (2) the 'hardship or inequity' that the movant would face in going forward with the litigation; (3) the injury

4

that a stay would inflict upon the non-movant; (4) whether a stay will simplify issues and promote judicial economy." Structural Grp., Inc. v. Liberty Mut. Ins. Co., 2008 WL 4616843, at *5 (M.D. Pa. Oct. 16, 2008) (citing Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936); CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc., 381 F.3d 131, 135-36 (3d Cir. 2004)); *see also* Barnard v. Lackawanna Cnty., 2016 WL 362424 at *2 (M.D. Pa. Jan. 29, 2016) (string citations omitted). "[T]he 'most critical factors', according to the Supreme Court, Nken, 556 U.S. at 434, are []: whether the stay movant has demonstrated (1) a strong showing of the likelihood of success and (2) that it will suffer irreparable harm—the latter referring to 'harm that cannot be prevented or fully rectified' by a successful appeal."). Revel AC, Inc. v. IDEA Boardwalk LLC, 802 F.3d 558, 568 (3d Cir. 2015).

The Third Circuit has further noted that, "efficiency does not, by itself, allow a federal court to refuse to exercise its jurisdiction in favor of proceedings in an alternative forum." CTF Hotel Holdings, Inc., 381 F.3d at 139.

### III. DISCUSSION

After careful consideration of the four factors outlined above, the court finds that they do not weigh in favor of staying this case pending a final

5

decision by the Eleventh Circuit's *en banc* panel in Hunstein, particularly since neither the vacated decision in Hunstein nor the Eleventh Circuit's *en banc* decision, when issued, will be binding precedence with respect to this court's consideration of the plaintiff's claims.

The first factor requires the court to look at the potential length of the stay. According to the briefing schedule issued by the Eleventh Circuit in Hunstein, (Doc. 10-1), appellant's *en banc* brief was due December 23, 2021, and appellee's brief was due January 18, 2022. *En banc* reply briefs are due shortly on February 2, 2022. Oral argument in the case will be conducted the week of February 21, 2022, in Atlanta, Georgia. It is unclear what the duration of time will be before an *en banc* decision in Holstein is made. No doubt that indefinite stays are disfavored, *see* Kegerise, 2017 WL 5070244, *2, and it is not possible to predict how long it will take the Eleventh Circuit Court to decide the issues in Holstein. Although the defendant indicates that other district courts have assessed the potential duration of a stay based on Hunstein and have determined that a stay pending the Eleventh Circuit's *en banc* decision was appropriate, (s*ee* cited cases in defendant's motion, Doc. 9 at 13), plaintiff correctly points out that the cases cited by defendant are all within the Eleventh Circuit.

Defendant also points out that the Eleventh Circuit agreed to hear the Hunstein appeal *en banc*, in part, to consider the impact of a Supreme Court case on its prior decision, namely, TransUnion LLC v. Ramirez, 141 S. Ct. 2190 (2021), and its holding regarding the "concrete-harm requirement" of the injury-in-fact inquiry for a plaintiff to have Article III standing to bring an action. Nonetheless, the Eleventh Circuit's *en banc* decision in Hunstein and its consideration of the TransUnion case simply will not bind this court. Thus, the court finds that the first factor weighs against the granting of a stay.

With respect to the second factor, i.e., the hardship or inequity that defendant would face in going forward with the litigation, the burden is on the defendant to "make out a clear case of hardship or inequity in being required to go forward...." Landis, 299 U.S. at 255, 57 S.Ct. 163. Defendant contends that "[i]f a stay is not granted here, [it] will suffer irreparable harm", including "being required to defend itself in a case where its defense might ultimately end up pointless—should the *en banc* panel [in Hunstein] rule contrary to the vacated decision(s)."

The court finds that the defendant's allegation of "irreparable harm" strains credulity, at best. As district courts in other circuits have found, that it is not necessary to see how the Eleventh Circuit decides the issues of whether a similar plaintiff has standing and whether the court has jurisdiction

over her claims. These considerations weigh against staying the instant case. No doubt that this court can make its own determinations regarding the legal issues related to the claims raised by plaintiff in this case with respect to Article III standing and whether transmitting certain data to a vendor is a communication "in connection with the collection of a debt", as plaintiff alleges in this case.

Thus, the court finds that the second factor weighs against granting a stay pending the Hunstein *en banc* decision.

As to the third factor, whether the entry of a stay would inflict injury upon plaintiff, the court finds that a stay harms the plaintiff, particularly since the Hunstein *en banc* decision will not have a controlling effect on the claims raised in this case. As such, plaintiff should not be forced to wait longer than necessary for a timely consideration of her claims. As a result, the third factor favors against granting defendant's motion to stay. Finally, the court finds that the fourth factor, whether a stay will simplify issues and promote judicial economy, also weighs against the granting a stay. As the court in Rajput v. Synchrony Bank, 221 F.Supp.3d 607, 613-14 (M.D. Pa. 2016), recognized that "while cognizant that federal courts should respect each other's efforts, the Court is equally aware that [b]inding precedent for all is set only by the Supreme Court, and for the district courts within a circuit, only by the court

of appeals for that circuit, meaning that each federal court has an obligation to engage independently in reasoned analysis." (internal quotations and citations omitted).

Thus, the fourth factor weighs against the granting defendant's motion for a stay.

### IV.     CONCLUSION

Accordingly, based on the foregoing, defendant's motion to stay, **(Doc. 9)**, will be **DENIED**. An appropriate order will follow.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION
United States District Judge**

**Date: February 3, 2022**
21-1835-01